## IN THE UNITED STATE DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **YVONNE COVEY,** : | Civil Action No. _____ |
| : | |
| **Plaintiff** : | |
| : | |
| v. : | **JURY TRIAL DEMANDED** |
| : | |
| **WATSONTOWN TRUCKING** : | |
| **COMPANY,** : | |
| : | |
| **Defendant** : | *ELECTRONICALLY FILED* |

## COMPLAINT

Plaintiff, Yvonne Covey ("Ms. Covey"), a resident of Jefferson County, Pennsylvania, by and through her attorneys, brings this civil action for damages against the above named Defendant, Watsontown Trucking Company ("Watsontown"), demands a trial by jury, and complains and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of the claims set forth in this Complaint is proper in this judicial district pursuant to 28 U.S.C. §§1331, 1343 and 1367.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

## THE PARTIES

3. Ms. Covey is an adult individual residing in Jefferson County, Pennsylvania.

4. Defendant Watsontown is a Pennsylvania corporation with a primary business location at 60 Belford Boulevard, Milton, Northumberland County, Pennsylvania.

5. At all times relevant to this Complaint, Watsontown employed in excess of fifteen (15) individuals and was engaged in the business of interstate trucking.

## ADMINISTRATIVE PROCEEDINGS

6. On or about January 14, 2016, Ms. Covey filed an Intake Questionnaire with the Equal Employment Opportunity Commission ("EEOC"), which was docketed as Charge No. 530-2016-01279.

7. The EEOC referred the matter to the Pennsylvania Human Relations Commission ("PHRC") for purposes of dual filing.

8. Ms. Covey has been advised of her right to sue in federal court, which notice was received on or about November 3, 2016.

9. All necessary and appropriate administrative prerequisites to this action have occurred.

## **STATEMENT OF FACTS**

10. Ms. Covey was hired to work as a truck driver for Watsontown in or about August 2012.

11. Soon after Ms. Covey began to work for Watsontown, she was subjected to discrimination and harassment because of her female gender by male co-workers, supervisors and managers of Watsontown, which continued until her constructive termination on or about July 22, 2015.

12. Examples of the sexual discrimination and harassment Ms. Covey was subjected to, include, but are not limited to the following:

    a. In or about November 2013, incidents began involving the night dispatcher, Ben.

    Ben would make comments like:

        i. "What would you do if I grab your ass?"

        ii. "I would like to take you out back and fuck you."

        iii. "Your ass looks good in those pants."

    Ben always had something sexual to say to Ms. Covey. Ms. Covey told Ben that she was in a relationship, but he said "I don't care. I like you."

    A report was made to management, including the owners Chris Patton and Steve Patton, and Ms. Covey had a meeting with them.

Steve Patton made a comment about the star on the shirt Ms. Covey was wearing, which was over her chest. Steve Patton said "I wish I was that star on your shirt." Ben was told to stay away from Ms. Covey and Watsontown put him on a different shift; however, Ms. Covey still had to talk to him, and became very uncomfortable thereafter;

    b.    From the fall of 2014 until Ms. Covey left Watsontown in July 2015, John Shires, the Senior Safety Instructor, made numerous inappropriate comments to Ms. Covey, such as:

    i.    "I like blowjobs."

    ii.    "I love to eat pussy."

    iii.    "If we could team we wouldn't get any driving done because we would be fucking."

    iv.    Mr. Shires said he really wanted to kiss Ms. Covey. Ms. Covey had given Mr. Shires an innocent hug one time, and Mr. Shires said it "made his dick hard."

    v.    Mr. Shires said every time he saw Ms. Covey or got close to her, that he "gets a hard on."

    vi.    Mr. Shires said he would like to know where Ms. Covey parked her truck so he can come out and wake her up, and "if it leads to something else," he would not mind.

    vii.    Mr. Shires told Ms. Covey that he "googled" her house so he knew what it looked like so he could come see Ms. Covey if he was close.

      viii.    Mr. Shires got Ms. Covey's phone number and would start calling to see where she was and hoping it was close so he could drive to her.

      ix.    Mr. Shires would say he liked Ms. Covey "ass" and would like for Ms. Covey to sit on his lap.

      x.    Mr. Shires asked Ms. Covey if she liked to "have her pussy ate out."

These are just examples of unwelcome things Mr. Shires did and said to Ms. Covey. Ms. Covey told her dispatcher, and he told Ms. Covey to write some things down and when he came back from vacation he would talk to her about it, but he never mentioned it again;

    c.    Another dispatcher, Brandon, asked Ms. Covey if her bra matched her panties;

    d.    A couple of other drivers made sexually explicit comments to Ms. Covey as well. Ms. Covey was told by her dispatcher that the company could not do anything to drivers that said things like that to her.

13.    Ms. Covey immediately and routinely advised her male co-workers and managers that their sexual advances and comments were inappropriate and unwelcome, and that she expected them to stop; however, nothing was done to curtail this type of activity.

14.    Additionally, the managers and owners at Watsontown witnessed or participated in much of the sexually inappropriate conduct and

5

activity, including similar behavior which occurred with other female drivers and employees.

15. On or about July 22, 2015, Ms. Covey was compelled to resign from Watsontown because of the sexually hostile work environment, which was allowed to continue despite Ms. Covey's complaints and despite management and owners witnessing and/or participating in this unwelcome behavior.

16. Defendant's sexual harassment and discrimination violated Ms. Covey's rights under Title VII of the Federal Civil Rights Act of 1964 and the Pennsylvania Human Relations Act.

## COUNT I
## (SEXUAL DISCRIMINATION AND HARASSMENT)

17. The averments of Paragraphs 1 through 16 above are incorporated by reference as though fully set forth herein.

18. Watsontown created, permitted, tolerated, encouraged and fostered a sexually hostile, intimidating, demeaning, degrading and demoralizing environment, which hostile environment was ongoing and pervasive throughout the entirety of Ms. Covey's employment. The acts of Watsontown, and its officers, agents and employees manifesting this hostile environment, insofar as they are known to Ms. Covey, included:

    a)      making crude and graphic sexual remarks towards Ms. Covey and other women;

    b)      continually making unwanted sexual advances towards Ms. Covey; and

    c)      using foul and salacious language and permitting the use thereof.

19. The hostile sexual environment was known to Watsontown's managers and owners, who took no meaningful or effective action to terminate the offending behavior, to remove the offending environment or to discipline the offensive employees.

20. As a consequence of the hostile environment supported and encouraged by Watsontown's actions and failures to act, Ms. Covey was subjected to emotional distress, humiliation, ridicule and a negative effect on her work product and ability to fully and effectively perform her job duties and responsibilities, all of which manifested itself in mental and physical distress, injury and damage.

21. As a result of the sexually hostile environment Ms. Covey has suffered emotional distress, physical injury, a loss of self-respect and confidence, and has been subjected to great damage to her career and professional standing.

22. The actions of Watsontown set forth above constitute violations of Title VII of the Civil Rights Act, 42 U.S.C. §2000e et seq. (as amended) and the Civil Rights Act of 1991.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter judgment in her favor and against Defendant, together with compensatory damages, punitive damages, reasonable attorneys' fees and costs, and any such other relief as this Honorable Court deems just and appropriate, which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## COUNT II
## (CONSTRUCTIVE TERMINATION)

23. Paragraphs 1 through 22 above are incorporated herein by reference as if more fully set forth at length.

24. Despite Ms. Covey's numerous reports of sexual harassment and discrimination, Watsontown took no meaningful action to curtail this behavior, eventually leaving Ms. Covey with no reasonable option but to terminate her employment with Watsontown.

25. Watsontown's constructive termination of Ms. Covey has caused her to suffer a loss of earnings as well as emotional distress, physical

injury, a loss of self-respect and confidence, and she has been subjected to great damage to her career and professional standing

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter judgment in her favor and against Defendant, together with compensatory damages, punitive damages, reasonable attorneys' fees and costs, and any such other relief as this Honorable Court deems just and appropriate, which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## COUNT III
## (PHRA Allegations)

26. Paragraphs 1 through 25 above are incorporated herein by reference as if more fully set forth at length.

27. This is an action arising under the provisions of the Pennsylvania Law, to wit, Title 42 P.S. §951, et seq. (the "Pennsylvania Human Relations Act") and this Court has, and should exercise, pendant jurisdiction over the same because the cause or action complained of in this Count III arises out of the same facts, events and circumstances as Count I and II and therefore judicial economy and fairness to the parties dictates that this Count be brought in the same Complaint.

28.     By engaging in the creation and fostering of a sexually hostile environment, Watsontown, violated the provisions of Title 43 P.S. §955 which prohibit discrimination and harassment based upon sex.

29.     As more fully set forth in Counts I and II, Ms. Covey has suffered directly and solely as a result of Watsontown's action, great pecuniary loss, damage and harm and will continue to suffer the same for the indefinite future.

WHEREFORE, Plaintiff, Yvonne Covey, respectfully prays that judgment be entered in her favor and against the Defendant, Watsontown Trucking Company, for all of the relief sough in Counts I and II, <u>supra</u>, and such other and further relief provided by the Pennsylvania Human Relations Act, together with an award of attorneys' fees and costs of suit.

## **DEMAND FOR JURY**

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a trial by jury.

                                      Respectfully submitted,

                                      McCarthy Weisberg Cummings, P.C.

<u>January 16, 2017</u>          <u>/s/ Larry A. Weisberg</u>
Date                       Larry A. Weisberg, Esquire
                                    PA Bar I.D. #: 83410
                                    lweisberg@mwcfirm.com

                                    Derrek W. Cummings, Esquire
                                    PA Bar I.D. #: 83286
                                    dcummings@mwcfirm.com

                                    Stephen T. Mahan, Jr., Esquire
                                    PA Bar I.D. #:  313550
                                    smahan@mwcfirm.com

                                    2041 Herr Street
                                    Harrisburg, PA 17103-1624
                                    (717) 238-5707
                                    (717) 233-8133 (FAX)

                                    Attorneys for Plaintiff